## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

U.S. _____ COURT
EASTE_____ _____ ARKANSAS

SEP 16 2003

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) |
| | ) 4 -03  CV - 0752 ____ |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO |
| | ) |
| v. | ) COMPLAINT |
| | ) |
| MJL OF CABOT, INC. | ) This case assigned to District Judge _Wilson_ |
| d/b/a MCDONALD'S OF CABOT | ) and to Magistrate Judge_____Forster_____ |
| | ) |
| Defendant. | ) **JURY TRIAL DEMAND** |
| | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"),

and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide

appropriate relief to Jennifer McKinney and a class of female employees who have been adversely

affected by such practices.   Jennifer McKinney and other female employees were discriminated

against by Defendant by being subjected to sexual discrimination and sexual harassment.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343,

and 1345.  This is an action authorized and instituted pursuant to §706(f)(1) and (3) and §706 and

§707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title

VII").

2.     The employment practices alleged to be unlawful were and are now being committed

within the jurisdiction of the United States District Court for the Eastern District of Arkansas,

Western Division.

PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) and §707 of Title VII, 42 U.S.C. §2000-5(f)(1) and (3), and 42 U.S.C. §2000-6.

4.      At all relevant times, Defendant, MJL of Cabot, Inc. d/b/a McDonald's of Cabot ("Defendant Employer"), was a corporation doing business in the State of Arkansas and the City of Cabot and has continuously had at least fifteen (15) employees.    Defendant Employer operates several restaurants in Arkansas as a franchisee of McDonald's Corporation.    Defendant Employer operates several restaurants in Arkansas in conjunction with Stomanco, Inc.

5.      At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

STATEMENT OF CLAIMS

6.      More than thirty (30) days prior to the institution of this lawsuit, Jennifer McKinney filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. During the course of the investigation, allegations of sexual harassment directed towards other female employees were discovered.    All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      From on or around December 1, 2001, and continuing, Defendant Employer has engaged in unlawful employment practices at its facility in Cabot, Arkansas,  in violation of

2

§703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a).   The unlawful practices include, but are not limited to, discrimination against Jennifer McKinney and other female employees on the basis of their sex in the form of subjecting Ms. McKinney and other female employees to sexual harassment.   Defendant failed to take prompt remedial action to protect Ms. McKinney and other female employees  from the sexual harassment in the workplace.

8.      The sexual harassment in the workplace included, but was not limited to, graphic sexual comments, sexual overtures, physical touching of a sexual nature, and other sexual behavior directed towards Jennifer McKinney and other female employees by a management employee.   The conduct was offensive, unwelcome, and pervasive in nature.

9.      Female employees complained to supervisory employees about sexual harassment in the workplace.      Defendant failed to take appropriate action in response to these complaints to protect its female employees from being subjected to a sexually hostile work environment. Ms. McKinney also put McDonald's Corporation on notice of the allegations of sexual harassment.

10.      The effect of the practices complained of above has been to deprive Jennifer McKinney and other female employees of equal employment opportunities and otherwise adversely affect their status as employees.

11.      The unlawful employment practices complained of above were and are intentional.

12.      Defendant Employer at all relevant times acted with malice or reckless indifference to the federally protected rights of Jennifer McKinney and other female employees.

3

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully prays that this Court:

A.      Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex under Title VII of the Civil Rights Act of 1964, as amended.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities which eradicate the effects of its past and present unlawful employment patterns and practices.

C.      Order Defendant Employer to make whole Jennifer McKinney and other female employees who were subjected to Defendant's patterns and practices of sex discrimination and sexual harassment and provide other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant Employer to make whole Jennifer McKinney and other female employees who were subjected to Defendant's patterns and practices of sex discrimination and sexual harassment by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses, in amounts to be determined at trial.

E.      Order Defendant Employer to make whole Jennifer McKinney and other female employees who were subjected to Defendant's patterns and practices of sex discrimination and sexual harassment by providing compensation for past and future non pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering,

4

embarrassment, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.     Order Defendant Employer to pay Jennifer McKinney and other female employees who were subjected to Defendant's patterns and practices of sex discrimination and sexual harassment punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

      G.     Grant such further relief as the Court deems necessary and proper.

      H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**ERIC S. DREIBAND**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*T. Beck / by WAC*

**TERRY BECK**
Acting Regional Attorney

**WILLIAM A. CASH, JR.**
Senior Trial Attorney
AR #88081

*P. Dixon / by WAC*

**PAMELA B. DIXON**
Trial Attorney
AR # 95085

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
425 W. Capitol, Suite 625
Little Rock, Arkansas 72201
Telephone:    (501) 324-5539
                       (501) 324-5065

6